IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: DETRA CANNON | ) ) | |
| xxx-xx-4512 | ) ) | Case No.: 15-80394 |
| DEBTOR(S). | ) ) ) | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Application For Approval of Employment of Professional Person.

**Application for Approval of Employment**

Pursuant to 11 U.S.C. section 327(e) and Fed. R. Bankr. P. 2014(a),

\_\_\_\_\_the trustee of the captioned bankruptcy case.

\_\_\_\_\_the captioned debtor in possession in Chapter 11 of the Bankruptcy Code

X\_\_\_\_the captioned debtor

\_\_\_\_\_the Unsecured Creditors' Committee of the captioned bankruptcy case (hereinafter ("applicant"), requests the Court to approve the employment of

Kira Fonteneau, and Felicia Long of the Fonteneau Firm, LLC, (A Member of Five Points Law Group, LLC).

whose address is **2151 Highland Ave. S, Ste 205, Birmingham, Alabama 35205**

with an e-mail address of: kira@5pointslaw.com, and felicia@5pointslaw.com
Telephone number: (205) 564-9005   Fax number: (205) 564-9006

as special counsel to represent or assist applicant in carrying out the duties as trustee under Title 11 of the United States Code. In support of this request, applicant represents as follows:

1. The person whose employment is requested (hereinafter "said person")

    (a) is professionally qualified and licensed, if required, for such employment;

    (b) does not hold or represent an interest adverse to the estate;

    (c) is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code;

    (d) has not served as an examiner in this case;

    (e) if an attorney, is admitted to practice in the U. S. District Court for the Northern District of Alabama; and

    (f) is not a relative of the Bankruptcy Judge approving the employment sought herein or a relative of the Bankruptcy Administrator for the Northern District of Alabama.

2. Said person is not employed by and does not represent a creditor in this case unless indicated under (a) below.

    (a) Said person is employed by or represents the following creditor(s), but applicant is not aware of any objection by another creditor to said person's employment or of any actual

conflict of interest if the employment here requested is approved: (If NONE, so state.)

**None**

3. The specific facts showing the necessity for the employment here requested are as follows:

   (Provide specific information concerning the matter that requires special counsel, including but not limited to the nature of the cause of action, the date and the current status.)

   **Detra Cannon has potential claims that involve violations of Title VII of the Civil Rights Act of 1964 as amended that was filed in the Equal Employment Opportunity Commission. The undersigned learned about the bankruptcy in August 2018.**

4. The professional services to be rendered are as follows:

   (Provide specific detailed information concerning the services that special counsel will handle. If there are services that will not be handled by special counsel those services should be disclosed.)

   **Special Counsel for the Trustee in the above-described litigation.**

5. The reasons for the selection of said person are:

   (Also, disclose here if this case was a referral, by whom, class action, TV advertisement or other reason.)

   **Ability, knowledge of the case, reputation and skill, Further, debtor has already**
   **hired Special Counsel in this matter.**

6. All of said persons connections with the debtor, creditors, any other parties in interest, their respective attorneys and accountants, the Bankruptcy Administrator, or any person employed in the Office of the Bankruptcy Administrator are as follows: (If NONE, so state).

**None**

7. Except as stated below, the representations made in this application with respect to said person apply to each of that person's partners and associates and members of the firm, professional corporation, or other entity with whom or with which said person is professionally associated.

(Disclose if there are any additional law firms involved and provide the total anticipated aggregate contingency fee amount to be requested by all law firms. This application is for the undersigned law firm and any other professional should file a separate application for their employment. Disclose whether there any agreements with other law firms for sharing of fees. If so, disclose the status of the agreement. Bankruptcy Code Section 504 generally prohibits the sharing of fees. To avoid a potential violation of Bankruptcy Code Section 504 the agreement must be terminated and the application must disclose that information.)

**The Fonteneau Firm, LLC is a member of Five Points Law Group, LLC. Its members are Fann Law, LLC, Waters Law, LLC, and Five Points Probate, LLC. These other members, Heather Fann, Allen Arnold, Kristin Waters Sullivan, and C. Burton Dunn will take no part in the prosecution of Plaintiff's claim.**

8. With the condition that the court may allow different compensation after the conclusion of said person's employment if the terms and conditions here proposed prove to have been improvident in light of developments not capable of being presently anticipated, applicant proposes the following reasonable terms and conditions of said person's employment:

Retainer (if any): None.

Contingent fee basis (if applicable):

(Provide the percentage rate for the Applicant and the basis for the request including information regarding whether fees will be based on the gross settlement after the mandatory fees, such as MDL fees or the net settlement after out-of-pocket expenses are deducted. If there is a prior agreement for sharing fees that would be in violation of Bankruptcy Code Section 504 and the application must contain a statement that any previous agreement that potentially is in violation of Section 504 has been terminated and this application is for the undersigned only.)

Other:

**The Attorney Fee Agreement signed by the plaintiff/debtor on October 12, 2017(a copy of which is attached).**

## VERIFIED STATEMENT OF PERSONS TO BE EMPLOYED

I have read the above and foregoing application. As required by Fed. R. Bankr. P. 2014(a), and in accordance with Fed. R. Bankr. P. 9011(b) and 28 U.S.C. Section 1746, I declare under penalty of perjury that the statements there made with reference to me and my professional associates are true and correct.

Sworn to and subscribed before me this the 1st day of November 2018.

_____
Kira Fonteneau

_____
Notary Public MCE

/s/Kira Fonteneau
Kira Fonteneau ASB-7338-K58F
Felicia Long ASB-2849-D58Y

Of Counsel
The Fonteneau Firm LLC – A member
of the 5 Points Law Group
2151 Highland Avenue, Suite 205
Birmingham, Alabama 35205

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the preceding upon the Trustee and all counsel and entities listed on the clerk's mailing matrix via the CM/ECF which will email the same.

/s/Kira Fonteneau
Kira Fonteneau ASB-7338-K58F



**FONTENEAU & ARNOLD LLC**
LAWYERS FOR WORKING PEOPLE

**2151 Highland Avenue South, Suite 110**
**Birmingham, Alabama 35205**
**T: 205.252.1550 F: 205.502.4476**
info@fonteneauarnold.com

## ATTORNEY FEE AGREEMENT

The Client  Detra Cannon  hereby retains and employs Fonteneau and Arnold, LLC (Attorney) to evaluate, investigate and/or prosecute the claim of the undersigned for the recovery of damages for violation of the following statute(s) FMLA , and any related charges perpetrated by and/or such other persons, firms, corporations, or entities as may be later determined to be liable or responsible to the undersigned for violation of the aforementioned statute while the Client was employed at  Mohawk Industries .

In payment for services rendered in this undertaking, the Client hereby assigns and transfers to said Attorney and agrees to pay said Attorney the following amounts according to the terms specified:

The term a Net Recovery shall mean the total recovery (inclusive of interest, Attorney's fees, and liquidated damages) less expenses, including any court costs, investigation costs, discovery costs, witness fees, expert witness fees, travel, copying charges, fees for obtaining medical records, subpoenas, service of process expenses, mediation, arbitration, commercial printing fees, or other expenses advanced by either Client or Attorney incidental to the prosecution and/or settlement of the case.

1.  Attorney will advance the sums for expenses beyond the filing fee. Should this matter be settled, Client understands that Attorney will deduct from the total amount of the settlement all expenses advanced. In addition to specific expenses, such as cost of depositions and other items listed above, Attorney will recover off of the top of any settlement a flat charge of $500 in order to recover the cost of the filing fee and cost of postage, copies, fax machines, long distance phone charges, and the like if suit has been filed.

2.  Client further agrees to equally split (50/50) any recovery with said Attorney, after reimbursement of expenses and costs. If a retainer fee is paid, said retainer will be deducted from Attorney's fee at the time of distribution.

3.  Client assigns to the Attorney any interest in the right to any Attorneys' fees awarded to the Client by any Court having jurisdiction over a lawsuit prosecuted under the Claim. If Attorney asserts a claim under a federal or state statute allowing recover of Attorney's fees, and if Attorney's fees are recovered by judgment or by negotiated agreement, then the amount of any such Attorney's fees shall be added to the amount of any other recovery, and the contingency fee provided for by this agreement shall be applied to the total amount of monies received from any opposing party including both settlement amounts and recovery of Attorney's fees; provided, however, that if any Attorney's fee exceeds the contingency fee provided by herein, Attorney shall have the option of retaining the Attorney's fee in lieu of contingency fee.

4. In the event this matter is brought to trial, and the Client does not prevail on this matter, the Client will owe said Attorney nothing further for his services rendered or costs advanced in this action.

5. It is understood that Client's claim(s) may be settled either before or after suit is filed, or before or after a trial of the case.

6. This agreement does not cover an appeal of any Order entered in any lawsuit commenced with respect to the claim. If the Client wishes to appeal and the Attorney wishes to represent the client on an appeal, Client and Attorney will enter into an additional agreement for that purpose.

7. If, after investigation, it appears that Client's claim(s) do not appear to have merit, Attorney shall have the right to terminate this agreement. At the discretion of the Attorney, he or she may withdraw at any time from the case if the investigation discloses that there is no liability or no assets or no insurance coverage on the part of the defendant(s), and if such withdrawal will not prejudice Client. In addition, Attorney may withdraw as counsel for client and terminate this Agreement for any reason which would authorize withdrawal under the applicable Alabama Code of Professional Responsibility. Client agrees that the Attorney may withdraw representation of the client and terminated this agreement if the client misrepresents any fact, fails to inform Attorney of any material fact, fails to cooperate with the Attorney, if the Attorney determines that the Attorney/Client relationship has broken down of if the Attorney determines there is no reasonable likelihood of recovery on behalf of the Client.

8. Client understands that he/she has an obligation to keep Attorney informed of change of address or telephone number. It is critical for Attorney to be able to contact Client for, among other things, settlement of the case. In the event Client has failed to advise Attorney of his or her correct address and/or telephone number at the time Attorney has a settlement offer that can be recommended to Client, Client hereby expressly authorizes Attorney to accept a settlement offer that Attorney believes to represent fair value for settlement of the case. Client further expressly authorizes Attorney to execute any settlement agreement and release on behalf of Client, including any terms regularly and/or customarily included in such settlement agreement and release. Finally, in such event Client expressly authorizes Attorney to endorse Client's name on any check for the proceeds of such settlement and to deposit said check into the trust account of Attorney, holding Client's portion of said proceeds until such time as Client gets in contact with Attorney again.

9. Client authorizes Attorney to send communications, including communications involving privileges matters and documents to the Client's email address, as reported to the Attorney. If any person has access to the Client's email address other than the Client, the Client bears the responsibility to ensure that any such person does not review email communications from the Attorney. The Client must notify the Attorney immediately if the address changes or is discontinued. If the Client has no email address, then this paragraph has no effect.

10. Client understands that confidential communications cannot and will not occur through the use of Social Media platforms such as Facebook, Twitter, or Snapchat etc.

11. No promise or representation has been made by Attorney as to the outcome of the claim(s) or litigation, or as to what sums of money, if any, Client may be entitled to recover in

Case 15-80394   Doc 64   Filed 11/01/18   Entered 11/01/18 11:28:10   Desc Main
Document   Page 9 of 11

this case. Attorney has advised Client that he or she is not in a position to offer tax advice and that Attorney makes no representation regarding the tax treatment of any payments Client may receive. Client understands that Attorney has not been retained to provide any opinion or advice on tax issues and Attorney shall not be responsible for such a determination. Client understands that the tax treatment of any payment he/she may receive must be determined by him/her and his/her accountant or tax counsel and, of course, by the IRS. Client understands he/she may or may not owe income taxes on any money received under the claim and that some portion of a recovery may come in the form of a payroll check with various taxes and withholdings. Client is free to consult with another Attorney, an accountant, the IRS, the Alabama Department of Revenue, or any other source to determine the taxability of any income received by the Client for the Claim.

    12. Client hereby appoints and designates Attorney as his/her attorney-in-fact with full authority to negotiate and endorse the client's name on any negotiable instrument in connection with said representation.

    13. If for any reason the Client cancel's Attorney's services prior to trial, or if a settlement offer from defendant is recommended by Attorney and is not accepted by the Client, then the Client agrees to pay the Attorney the greater of the regular hourly rates for services rendered on the Client's behalf in this action or the fee the Attorney would have received from the recommended settlement offer.

    14. Client agrees that Attorney may engage the services of other attorneys to help pursue this litigation.

    <u>IMPORTANT:</u> IT IS YOUR RESPONSIBILITY TO STAY IN TOUCH WITH US WITH ANY CHANGE OR PHONE NUMBER OR ADDRESS. BY SIGNING THIS CONTRACT YOU HAVE AGREED TO KEEP OUR FILE UPDATED WITH YOUR CORRECT ADDRESS AND PHONE NUMBER. IF YOU FAIL TO DO SO, WE, AS YOUR ATTORNEYS, HAVE YOUR PERMISSION TO NOT FILE YOUR EEOC CHARGE OF DISCRIMINATION AND/OR LAWSUIT WITHOUT PREPAYMENT OF FILING FEES, EVEN IF BY FAILING TO DO SO YOUR CLAIMS ARE STATUTORY BARRED FOREVER.

Dated: 10/12/2017

Fonteneau & Arnold LLC _____ (Attorney)

*Detra Cannon* (Client)

_____ (Client)



| TITLE | Hello |
|---|---|
| FILE NAME | RackMultipart20161230-19-lafgtv.pdf |
| DOCUMENT ID | a0183de52ab93bfbaea31ad328300c4e21b4a9a7 |
| STATUS | ⊚ Completed |

**This document was requested and signed on lexicata.com**

## Document History

| | | |
|---|---|---|
| **SIGNED** | 10/12/2017<br>16:19:28 UTC | Signed by kira@fonteneauarnold.com<br>IP: 71.45.165.19 |
| **SENT** | 10/12/2017<br>16:19:32 UTC | Sent for signature to Detra Cannon (detrarene@gmail.com)<br>IP: 71.45.165.19 |
| **VIEWED** | 10/12/2017<br>16:19:34 UTC | Viewed by Detra Cannon (detrarene@gmail.com)<br>IP: 71.45.165.19 |
| **SIGNED** | 10/12/2017<br>16:20:15 UTC | Signed by Detra Cannon (detrarene@gmail.com)<br>IP: 71.45.165.19 |
| **COMPLETED** | 10/12/2017<br>16:20:15 UTC | The document has been completed. |